DECISION
Plaintiff appeals Defendant's failure to change the tax roll as ordered in Tax Court's Judgments in Lane County Assessor v. Patrick M.Flynn Jr., TC-MD No 060086C and Patrick M. Flynn Jr. v. Lane CountyAssessor, TC-MD No 060109C, filed April 27, 2007.[1]
A trial was held in the Oregon Tax Court courtroom, Salem, Oregon on April 16, 2009. Plaintiff appeared on his own behalf. Marc Kardell, Assistant County Counsel, appeared on behalf of Defendant. Bryce Krehbiel (Krehbiel), Residential Appraiser III, testified.
 I. STATEMENT OF FACTS AND ANALYSIS
There is no dispute that Defendant failed to change the tax roll to comply with the court's Judgments filed April 27, 2007.
The issue before the court is the correct real market value, maximum assessed value and assessed value for land in each of three tax accounts: Account 0666691 (Tax Lot 1700); Account 0666683 (Tax Lot 1600); and Account 1738093 (Tax Lot 1602). Krehbiel explained how he computed each real market value, maximum assessed value, and assessed value for tax years 2005-06, 2006-07, 2007-08, and 2008-09. Beginning with tax year 2002-03, Krehbiel applied the county's annual trend factor to the 2002-03 real market value to arrive at the *Page 2 
2003-04 real market value. For each year thereafter, Krehbiel followed the same procedure to determine real market value. To determine maximum assessed value, Krehbiel increased the tax year 2002-03 maximum assessed value by three percent, as allowed by statute. For each year thereafter, Krehbiel followed the same procedure to determine maximum assessed value. For each tax year, the maximum assessed value was less than the real market value and the assessed value was the maximum assessed value.
Defendant's computed real market values, maximum assessed values, and assessed values for each tax account are as follows:
TBTABLE Account 0666691 — Land
 Tax Year Real Market Value Maximum Assessed Value Assessed Value
 2005-06 $58,944 $32,116 $32,116 2006-07 $69,554 $33,080 $33,080 2007-08 $79,292 $34,072 $34,072 2008-09 $90,393 $35,094 $35,094
 Account 0666683 — Land[2]
 2005-06 $62,459 $56,459 $56,459 2006-07 $76,825 $58,153 $58,153 2007-08 $90,654 $59,897 $59,897 2008-09 $103,346 $61,694 $61,694
 Account 1738093 — Land
2005-06 $-0- $-0- $-0- 2006-07 $-0- $-0- $-0- 2007-08 $-0- $-0- $-0- 2008-09 $-0- $-0- $-0-
(Def's Ex F.) TB/TABLE *Page 3 
Plaintiff testified that he did not know if the real market values were correct. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fallupon the party seeking affirmative relief[.]" ORS 305.427 (2005) (emphasis added). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaeferv. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept.of Rev., 4 OTR 302 (1971)). This court has stated that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property." Freitag v. Dept. ofRev., 18 OTR 368, 374 (2005) (citing Poddar v. Dept. of Rev., 18 OTR 324,332 (Sept 1, 2005, as corrected Sept 22, 2005)) (quoting Woods v.Dept. of Rev., 16 OTR 56, 59 (2002) (citation omitted). Plaintiff presented no evidence, e.g., appraisal reports, comparable sales, or similar evidence, other than voicing a concern about the real market values. Plaintiff did not carry his burden of proof and Defendant's real market values computed taking the prior year real market value and increasing that amount by a local trend factor are accepted.
 II. CONCLUSION
Defendant's computation of real market value, maximum assessed value, and assessed value for each of the tax years, 2005-06, 2006-07, 2007-08, and 2008-09 are accepted. Plaintiff presented no evidence to support his verbal challenge of those values. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that the values of Plaintiff's property identified as Accounts 0666691, 0666683 and 1738093 for tax years 2005-06, 2006-07, 2007-08, and 2008-09 are as set forth above.
Dated this _____ day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJune3, 2009. The Court filed and entered this document on June 3,2009.
[1] Plaintiff orally amended his Complaint to include tax years 2005-06, 2006-07, and 2008-09 in addition to tax year 2007-08.
[2] According to Krehbiel, "[the] personal property account for a 1999 manufactured home was merged with land account 0666683 for the 2003 year." (Def's facsimile, dated April 16. 2009.) The value of the manufactured home is not before the court. *Page 1